**EXHIBIT 2**

EEOC No. 430-2024-04233 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| **CHARGE PRESENTED TO:** | **AGENCY CHARGE NO.** |
|---|---|
| EEOC | 430-2024-04233 |

Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*: Mr. Roderick B. Brower

Phone No.: (910) 797-3874
Year of Birth: 1969
Mailing Address: 151 Hawthorne Trail
WEST END, NC 27376

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Sandhills Community College
No. Employees, Members: 15 - 100 Employees
Phone No.:
Mailing Address: 3395 Airport Road
PINEHURST, NC 28374, UNITED STATES OF AMERICA
Name:
No. Employees, Members:
Phone No.:
Mailing Address:

DISCRIMINATION BASED ON:

Age, Race

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 08/23/2024
Latest: 11/11/2024

THE PARTICULARS ARE:

I. In or around January 2016, I began working for Respondent as a Chief Information Security Officer (CISO). During the course of my employment, I performed my job duties in a satisfactory manner. While employed with Respondent, I experienced continued discrimination based on my race (African American) and age (55). I had to frequently assert myself as the head of the department due to individuals preferring to communicate with my second in command who was a younger Caucasian. Also, Respondent often singled me out in an effort to construct baseless reasons to terminate me.

II. Specifically, on or around August 20, 2024, I received a public records request. After receiving the request, I met with my supervisor and the president to discuss the request and the process in which it would be completed. Both individuals agreed with the plan by stating that it was a good approach. I immediately began to implement the plan to complete the request. On or around August 22, 2024, I contacted the president's secretary and informed her that I would need access to the president's office to obtain the information needed from his computer. This could have been done from my own computer; however, I wanted to complete this directly from the computers needed so that there was complete transparency and to reduce the feeling of privacy invasion. The president's secretary escorted me to the president's office and was present during the process. When finished, the president entered the office and accused me of committing a serious offense while stating that he never gave me permission to begin the process to complete the public record request. The next day, I was placed on administrative leave and was accused of printing emails, reading them, and giving the printed emails to the president's assistant. This never happened. Subsequently,

EEOC No. 430-2024-04233 | FEPA No.

I was discharged on November 11, 2024. The formal termination document included accusations that were inaccurate. Similarly situated individuals outside of my protected class has committed more serious offenses and was not subjected to the same treatment or discipline.

III. I believe that I have been discriminated against due to my race (African American) and age (55), in violation of Title VII of the Civil Rights Act of 1964, as amended, and in violation of the Age Discrimination in Employment Act of 1967, as amended.

# <u>EXHIBIT 2</u>

EEOC No. 430-2024-04233 | FEPA No.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: Mr. Roderick B. Brower
01/07/2025
Charging Party Signature & Date

---

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary _____

Printed Name _____

**EXHIBIT 2**

**CP Enclosure with EEOC Form 5 (06/24)**

**Privacy Act Statement**

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **Form Number/Title/Date.** EEOC Form 5, Charge of Discrimination (06/24).

2. **Authority.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **Principal Purposes.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **Routine Uses.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **Whether Disclosure is Mandatory; Effect of Not Giving Information.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

**Notice of Right to Request Substantial Weight Review**

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

**Notice of Non-Retaliation Requirements**

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.