**EXHIBIT 5**



November 1, 2024

*Via Hand Delivery*

Mr. Roderick Brower
151 Hawthorne Trail
West End, NC 27376

RE:  Written Notice of Charges

Dear Mr. Brower,

This letter is a written notice of charges pursuant to Procedure 5.4.5 Section III(B). I, along with Dr. Stewart are meeting with you today at 9:00 in the President's office (Stone Hall) to provide you with this written notice of charges and to provide you an opportunity to respond.

**Recommended Disciplinary Action:**

Dismissal from your position as Chief Information Officer with Sandhills Community College is being recommended although a lesser action may be taken, based on your improperly entering the President's office and accessing his computer while he was not present and accessing information, including privileged information, without authorization or permission.

The purpose of this meeting is to ensure that the decision to be made is not based on misinformation and to give you an opportunity to respond to the recommended disciplinary action. This meeting will allow the President and me the opportunity to review the specific reasons for the recommendation with you. During the meeting, you will be allowed to respond and to offer any information that you feel should be considered prior to a final decision being made. Your input is necessary to ensure that this action is not based on erroneous or mistaken information or conclusions. No final decision on this action will be made until after this meeting and your response has been considered.

**Basis for this Recommendation:**

This recommendation is based on the following timeline of events and investigation:

**August 21, 2024**

- On this date, the President received a large public records request from Ms. C. Alston.

**EXHIBIT 5**

- The President and I met with you and requested that you help formulate a plan with regard to how to best and most efficiently respond to the public records request given its breadth. We then said that we would meet again after you formulated a plan.

**August 22, 2024**

- On the afternoon of August 22, 2024, you called Teresa Sheets to see if the President was in his office, and Ms. Sheets informed you that the President was away from his office.

- Shortly thereafter, you came to the President's office and again asked Ms. Sheets if the President was in and if he would return.

- You told Ms. Sheets that you were working on a project to gather information for the President, that you were unable to do the research remotely and that you needed to use the President's computer.

- You asked Ms. Sheets if she had access to the President's login. Knowing the President was not in, you then walked into the President's dark office and saw that he was still logged into his computer.

- The President and I returned to his office to find you on the President's computer without his prior knowledge or permission.

- When we questioned you on the afternoon of August 22, 2024, about why you were in the President's office, you stated the following:
    - That you were working on filling the public records request and had created a folder in Outlook email titled "Records Request" in which you had copied and pasted emails relevant to the search terms in C. Alston's public records request.
    - You agreed that neither the President nor I had instructed you to do this.
    - You further agreed that your only instruction was to formulate a plan to respond to the public records request.
    - During that discussion, you stated that you had not read any emails.
    - The President made it clear that we could not operate in this fashion and, at a minimum, your actions on August 22, 2024 would be documented.

- Later on August 22, 2024, the President and I discovered that while you had been on the President's computer and accessing his Outlook email program, you also logged into your own email account on his computer through the web browser. You did not disclose this during our earlier discussion in the President's office.

- After you left the President's office, we learned that you had printed some emails from the President's computer to the printer in Ms. Sheets' office. You then retrieved those

2

**EXHIBIT 5**

emails from the printer, reviewed them, and asked Ms. Sheets to shred them. Ms. Sheets preserved those printed emails, one of which was an email between the President and legal counsel. During our discussion you omitted any mention of printing out these emails. Rather, you affirmatively stated that you did not read any of the emails.

### August 23, 2024

- The President and I had another meeting with you in the President's office on the morning of August 23, 2024.

- At that time, we again asked you for an explanation as to why you were in the President's office and on his computer without his permission or knowledge.

- You again repeated what you had shared with us the prior afternoon of August 22, 2024.

- We then asked you to provide us with a written statement regarding this incident. Your written statement included the following:
    - "Wanted to pull Data for Dr. Stewart to Look over during weekend."
    - "PC was Not Locked, Email was open I Performed Advanced Search based on criteria in Records Request."
    - "Put approx. 50 Emails in folder Named 'Records Request' in Dr. Stewart's Email box."
    - "No Email were read or opened."
    - "Was hoping to test queries for sound results before doing others. Dr. Stewart was firt (sic) two Requests so I started with his Email box."
    - Queries Need to be done within user's mailbox for Complete Results."

- On August 23, 2024, you again failed to disclose either in discussion with us or in your written statement that you had opened and logged into your own email account while on the President's computer.

- You again failed to disclose either in discussion with us or in your written statement that you printed or read any emails, much less privileged emails. Rather, you again affirmatively stated that you did not read any emails.

- After providing your written statement, you were put on paid administrative leave so that we could further investigate this matter.

### Additional Information

Subsequent to you being put on paid administrative leave, I requested Jonathan McLeod, Director of IT Infrastructure, to assist with the public records request by Ms. Alston. Mr.

**EXHIBIT 5**

McLeod has been able to pull records and emails responsive to the public records request from his own computer without having to access other individuals' computers and without having to go in their offices. These queries do not need to be done on each individual user's computer for complete results. As Chief Information Officer you were or should have been well aware of this. There was no legitimate reason for you to be on the President's computer to pull these records.

At no time did the President ask, direct or give you permission to search his computer. At no time did the President give you permission to access his computer in his office when he was not there. At no time during our meeting on August 21, 2024 did you indicate that you would be accessing the President's computer in his office. At no time on August 21 or 22, 2024 did you request access to the President's office or his computer from me or the President.

Further, there was no imminent deadline to respond to the records request that would have affected your ability to first come to the President and me with a plan, as we had directed you to do.

The only thing requested of you on August 21, 2024 was to formulate a plan to enable us to respond to the public records request. As you should be well aware, the President has access to a wide variety of highly confidential and sensitive information, much of which is contained on his computer and in his office.

Moreover, despite being given multiple opportunities to explain and describe your actions on August 22, 2024, you failed to disclose relevant and pertinent information. First, you failed to disclose on August 22 and August 23, 2024 in either our discussions or your written statement that you had accessed your own email account while on the President's computer and while searching his email. Second, you failed to disclose that you actually printed emails from the President's email account. Not only did you fail to disclose that you printed these emails, but the emails you printed included privileged emails between the President and legal counsel. Yet, you specifically and affirmatively stated on every occasion, including in your written statement, that you did not read any emails. This is contradicted by Ms. Sheets who observed you reading the documents you printed, and then you instructed her to shred those documents.

Trust and integrity are inherent requirements of your position as Chief Information Officer for the College. This position has broad access to confidential, privileged and sensitive information. In order to effectively fulfill the responsibilities of this position, the College has to be able to trust in your ability to not only perform the daily activities of this position, but also to exercise the good judgment and discretion needed of someone in this position. Your actions on August 22 and then again on August 23 have caused me to lose trust in your judgment and thus, your ability to effectively do your job.

Your actions on August 22 and 23, 2024 are inconsistent with the Sandhills Community College Core Value of Integrity because you purposely and intentionally accessed the President's office and email without authority or permission to do so. This constitutes gross personal misconduct.

**EXHIBIT 5**

During today's meeting, you have the opportunity to address all of the above and share any additional information regarding your actions of August 22 and 23, 2024. A decision will not be made regarding your employment until your response is considered.

Sincerely,

DJ Farmer
Executive Vice President, Sandhills Community College

cc: Alexander M. Stewart
President, Sandhills Community College

Personnel file

ACKNOWLEDGEMENT OF RECEIPT STATEMENT

By my signature, I acknowledge receipt of this letter only.

Roderick Brower       11/1/24
                      Date