**EXHIBIT 6**

November 9, 2024

To: David Farmer
Subject: Response to Written Notice of Charges

Dear Mr. Farmer,

I understand that my attorney and your attorney in this matter, Tina Hlabse, are in talks regarding negotiations of my departure, however, I am writing in response to the written notice of charges I received on November 1, 2024, during our meeting. While the notice references Sandhills Community College (SCC) Procedure 5.4.5, Section III(B), it does not specify which policies or procedures my actions allegedly violated. Additionally, the college administration has not followed its own guidelines in managing my administrative leave. Procedure 5.4.5, Section III(B)(5) mandates that I should have been provided with a written notice of charges immediately, which did not happen. I was placed on administrative leave on August 23, 2024, without any documentation outlining my rights and responsibilities, and I only received formal written communication on this matter during our meeting on November 1, 2024.

Furthermore, this investigation proceeded without any additional information from me beyond the written statement (See attached) I submitted on August 25, which was provided under considerable duress. I was not asked for any further input until the morning of November 1, 2024, when my attorney and I met with you, Dr. Stewart, and your legal counsel. My initial statement was intended as an overview, not a comprehensive account. Any omissions were unintentional and were not meant to obscure any relevant facts.

I am deeply concerned by the lack of transparency and fairness in this process. The nature and purpose of the meetings have not been clearly communicated to me through your emails (please see attached screenshots for reference). Due to this ongoing lack of clarity, transparency, and equity, I have filed under the Family and Medical Leave Act and have also initiated a formal complaint with the U.S. Equal Employment Opportunity Commission. I firmly believe that I have been treated unfairly and that the environment at Sandhills Community College has become hostile, particularly for employees of color. I do not feel that my past service history and my lack of any job performance disciplinary actions have been considered in my treatment or your recommendation for termination. This situation has affected me personally and professionally, impacting my rights under EEOC guidelines to a workplace free of discrimination and retaliation.

**Timeline of Events**

**August 2, 2024**
I met with you and Dr. Stewart to discuss compiling information for a public records request. I outlined what steps I thought necessary, and no one instructed me not to proceed with the work on the queries. After the meeting, I immediately consulted Jonathan McLeod regarding the most transparent and efficient approach to data gathering, then began testing queries through my own email account to ensure accuracy.

**August 22, 2024**

**EXHIBIT 6**

- Around 4:30 PM, I contacted Teresa Sheet and inquired if I could visit the President's office, following the same procedures I have used over the past 18 years under Dr. Dempsey. Ms. Sheets, familiar with my previous work on the President's computer, did not question my presence. My intent was to run preliminary queries and provide Dr. Stewart with initial data before conducting queries on other accounts. I was in the President's office for approximately ten minutes.
- Please note, Dr. Stewart's computer was unlocked and Ms. Sheets, Dr. Stewart's administrative assistant, allowed me into his office. As such, I didn't have to login to the computer to gain access for the queries.
- I may have accessed my own email as a reference for the query screen. Although I do not specifically recall doing so, I cannot definitively state otherwise. (The logs on Dr. Stewart's laptop would confirm that no email was exchanged between his account and mine.) Pursuant to FOIA and NC Public Records Laws, I am requesting copies of all local and global servers, including PC and print servers.
- The notice alleges that I printed multiple emails from the President's account, reviewed them, and asked Ms. Sheets to shred them. Additionally, it was stated in our November 1 meeting that I "tore the printed emails in half" before handing them to Ms. Sheets for shredding, although this fact is not included in the written notice. This assertion is perplexing, given that I could access the account from my office; there was no need to print emails in the President's office or ask anyone to dispose of them. I did not print multiple emails or ask Ms. Sheets to shred anything, the logs on the laptop should confirm this. Even more perplexing and convenient, you stated I printed off an email from an attorney, read it, tore it up and gave it to Ms. Sheets to dispose of. Pursuant to FOIA and NC Public Records Laws, I am requesting copies of the emails I printed and a copy of the torn-up email you referenced during our discussion.
- Ms. Sheets was present in Dr. Stewart's office with me for most of the time that I was there. She had only just returned to her office shortly before you and Dr. Stewart arrived. Pursuant to FOIA and NC Public Records Laws, I am requesting copies of any and all disciplinary actions Ms. Sheets received as a result of letting me into Dr. Stewart's Office.
- I was also treated like a criminal, walked out of the school, denied access to my work email, login, office, my Information Technology Services colleagues, and personal information. This disparate treatment has not been practiced with employees that have come to work inebriated, lied about leave, or failed to come to work and perform the duties of their job during Dr. Stewart's tenure. Of note, all the referenced employees were white.

**Additional Clarifications**

- Your statement notes, "These queries do not need to be done on each user's computer for complete results. As Chief Information Officer, you were or should have been aware of this." While I was aware I could perform this task from my own office, I chose a more transparent approach by conducting queries in each office to avoid any perception of unauthorized access. I did not intentionally wait for Dr. Stewart to leave; if Ms. Sheets had recommended waiting, I would have gladly done so. Both Ms. Sheets and I acted based on previous practices under prior administration.

**EXHIBIT 6**

- On August 22, Dr. Stewart informed me that I had committed a "serious offense" and would be "written up." When I arrived at his office on August 23 at 8:30 AM, I expected a written reprimand but was instead placed on administrative leave with no documentation of my rights or responsibilities during the administrative leave.

**Requested Documentation**

To ensure transparency and accuracy in the timeline and my actions, I respectfully request access to the following items pursuant to FOIA and the NC Public Records Laws:

- Please indicate the method(s) utilized for the investigation, including interviewee names, meeting times, and meeting dates that were used to reach your suggested recommendations.
- Dr. Stewart's laptop for examination by an external IT forensic expert.
- Logs from Dr. Stewart's laptop on August 22, 2024.
- Print logs, browser logs, and Microsoft Administrator Portal logs from Dr. Stewart's laptop on the same date.
- Copies of the "several" emails that I allegedly printed, read, tore in half, and gave to Mrs. Sheets to shred.
- Security footage from August 22, 2024, covering the Stone Spiral Staircase and administrative hallway.
- Copies of all communication, including emails, texts and calendar entries between David Farmer and Jonathan McLeod since August 1, 2024.
- Copies of any emails sent from Alexander Stewart, Jonathan McLeod, Teresa Sheets, and David Farmer to anyone concerning this incident beginning August 20, 2024, to present date.
- Copies of all communication, including emails, texts and calendar entries between David Farmer, Alexander Stewart Jonathan McLeod and all IT staff since August 1, 2024.

Given the seriousness of this matter, I respectfully request that a copy of this response (along with all attachments) be included in my personnel file and placed with the Written Notice of Charges (dated November 1, 2024). I trust that these requests will be fulfilled promptly to uphold fairness and due process. If you have not already done so, please provide my attorney with the copy of signed Notice of Charges from our November 1, 2024, meeting as you stated you would.

Sincerely,

*Roderick B. Brower*
Roderick B. Brower

cc: Dr. Alexander Stewart
Tina Hlabse
Rachel Van Camp
Larry Caddell
Tim Carpenter
Helen Probst Mills