IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No.1:25-cv-00310

RODERICK BROWER,                    )
                                    )
    Plaintiff               )
                                    )
v.                                  )
                                    )
THE TRUSTEES OF SANDHILLS           )    **DEFENDANTS' ANSWER TO**
COMMUNITY COLLEGE;                  )    **PLAINTIFF'S COMPLAINT**
ALEXANDER M. STEWART; in his        )
Individual capacity and official capacity )
as President of Sandhills Community )
College; and DAVID S. FARMER, JR.;  )
In his individual capacity and official )
capacity as Executive Vice President of )
Sandhills Community College,        )
                                    )
    Defendants.             )

    Defendants, the Trustees of Sandhills Community College ("SCC" or the

"College"), Alexander Ms. Stewart ("President Stewart"); and David S. Farmer, Jr. ("Dr.

Farmer") (collectively "Defendants") hereby submit this Answer to Plaintiff's Complaint.

## FIRST DEFENSE

    Plaintiff's Complaint and each attempted claim therein is barred in whole or in

part because all decisions with respect to Plaintiff's employment (including his

termination) were made by Defendants for legitimate, non-discriminatory, and non-

retaliatory reasons. On August 22, 2024, President Stewart and Dr. Farmer arrived at

President Stewart's office and caught Plaintiff in President Stewart's office, at President

Stewart's desk, and on President Stewart's computer, all of which were without President Stewart's knowledge or permission. Immediately thereafter, Plaintiff told President Stewart and Dr. Farmer that he was working on a public records request and that the search queries he was performing "need to be done within user's mailbox for complete results." Attached is a copy of Plaintiff's handwritten statement, which was provided to SCC on August 23, 2024 and is incorporated herein. *See* Exhibit A. Plaintiff also reported that "no email were read or opened," while he was on President Stewart's computer. *See* Exhibit A.

During the investigation into this matter, however, Defendants discovered that Plaintiff had provided false information relating to the events of August 22. For instance, Plaintiff did not need to be on President Stewart's computer to perform work relating to the public records request. Indeed, as Plaintiff later acknowledged in his January 7, 2025 EEOC Charge, any such search queries "could have been done from [his] own computer," but he claimed that he "wanted to complete this directly from the computers needed so that there was complete transparency and to reduce the feeling of privacy invasion" (Doc. 1-2, Compl. Ex. 2). While this new proffered reason for being in President Stewart's office and on President Stewart's computer (i.e., wanting complete transparency and to "reduce the feeling of privacy invasion") contradicts Plaintiff's earlier written statement, it is also particularly ironic given that Plaintiff accessed President Stewart's office and computer without his knowledge or permission.

2

Additionally, during the investigation, Defendants learned that Plaintiff had also printed and reviewed emails from Dr. Stewart's computer. *See* Exhibit B, which is a statement provided by Teresa Sheets, President Stewart's executive assistant, and is incorporated herein by reference. Accordingly, at the conclusion of the investigation, Plaintiff was terminated for gross personal misconduct, which had nothing to do with his race or any other illegal reason.

## SECOND DEFENSE

Defendants respond to the corresponding numbered allegations of Plaintiff's Complaint as follows:

## INTRODUCTION

1. It is admitted that Plaintiff is attempting to assert a claim for wrongful termination. It is further admitted that Plaintiff was lawfully terminated from his position as Chief Information Officer ("CIO") at SCC for legitimate business reasons. Plaintiff improperly accessed the office and computer of President Stewart, without President Stewart's knowledge or permission. It is further admitted that SCC is a community college in Pinehurst, North Carolina. It is specifically denied that Plaintiff was wrongfully terminated. Except as herein admitted, the allegations of Paragraph 1 are denied.

2. It is admitted that SCC was established in December 1963 under the authority of the 1963 State Community College Act. It is further admitted that the Civil

3

Rights Act of 1964 was passed on July 2, 1964. Except as herein admitted, the allegations of Paragraph 2 are denied.

3.       Paragraph 3 appears to quote language on SCC's website on a particular date. The information on SCC's website is the best evidence of its contents and speaks for itself. Defendants further admit that SCC provides equal employment opportunities as required by law. Except as herein admitted, the allegations of Paragraph 3 are denied.

4.       It is admitted that SCC lawfully terminated Plaintiff's employment at SCC for legitimate business reasons on November 11, 2024 because Plaintiff improperly accessed the office and computer of President Stewart without President Stewart's knowledge or permission, which amounted to gross personal misconduct. Except as herein admitted, the allegations of Paragraph 4 are denied.

5.       The allegations in Paragraph 5 are denied.

6.       It is admitted that SCC lawfully terminated Plaintiff's employment at SCC for improperly accessing the office and computer of President Stewart without President Stewart's knowledge or permission, which amounted to gross personal misconduct. It is specifically denied that Plaintiff reported any alleged discrimination while employed at SCC or that he was retaliated against in any way. Except as herein admitted, the allegations of Paragraph 6 are denied.

7.       It is admitted that Ms. Alston and Dr. Brewington were previously employed with SCC and that both voluntarily resigned. Except as herein admitted, the

4

allegations of Paragraph 7, including the information contained in the declarations of Ms. Alston and Dr. Brewington, are denied.

8.      It is admitted that after Ms. Alston voluntarily resigned, she sent numerous public records requests to SCC on at least four separate occasions and that she filed a charge with the EEOC, which was dismissed very shortly thereafter.  It is admitted that Dr. Brewington voluntarily resigned, but SCC is not aware of her actually filing a charge with the EEOC.  Defendants deny that Plaintiff made any complaints of race discrimination during his employment.  Except as herein admitted, the allegations of Paragraph 8, including the allegations in footnote 1, are denied.

9.      It is admitted that on August 20, 2024, Ms. Alston sent a public records request to SCC and copied Plaintiff, along with others, on her email request.  Ms. Alston's public records request is attached as Exhibit C and incorporated herein.  It is further admitted that on the following day, President Stewart and Dr. Farmer met with Plaintiff to discuss Ms. Alston's public records requests.  It is further admitted that Plaintiff was asked to formulate a proposed plan to gather responsive documents most efficiently and to report that plan back to President Stewart and Dr. Farmer.  It is specifically denied that President Stewart or Dr. Farmer gave Plaintiff permission to access President Stewart's office in his absence or to access President Stewart's computer, both of which Plaintiff later did without Dr. Stewart's knowledge or permission.  Except as herein admitted, the allegations of Paragraph 9 are denied.

10.     It is admitted that on August 22, 2024, President Stewart and Dr. Farmer returned to President Stewart's office and found Plaintiff at President Stewart's desk and using President Stewart's computer, both of which Plaintiff did without President Stewart's knowledge or permission.  It is expressly denied that President Stewart ever authorized or was previously aware of Plaintiff accessing his office or his computer in President Stewart's absence.  It is further denied that President Stewart's executive assistant or anyone else authorized Plaintiff to access President Stewart's office or computer.  Instead, Plaintiff represented to President Stewart's executive assistant that he had permission to do so.  Except as herein admitted, the allegations of Paragraph 10 are denied.

11.     It is admitted that when President Stewart arrived back at his office on August 22, 2024 and discovered Plaintiff on his computer and in his office without his knowledge or permission, he was indeed shocked and asked Plaintiff for an explanation. Except as herein admitted, the allegations of Paragraph 11 are denied.

12.     It is admitted that President Stewart and Dr. Farmer met with Plaintiff the following day (on August 23, 2024), and requested a written statement regarding why he was on President Stewart's computer and in President Stewart's office without his knowledge or permission.  It is further admitted that President Stewart and Dr. Farmer put Plaintiff on administrative leave with pay while SCC investigated his actions.  The written statement prepared by Plaintiff on August 23, 2024 is attached as Exhibit A

6

hereto and incorporated herein. Except as herein admitted, the allegations of Paragraph 12 are denied.

13. It is admitted that on August 28, 2024, while the investigation into Plaintiff's improper conduct was still underway, Plaintiff emailed Dr. Farmer, claiming that he had filed an EEOC charge against SCC. Except as herein admitted, the allegations of Paragraph 13 are denied.

14. It is admitted that on November 1, 2024, President Stewart and Dr. Farmer met with Plaintiff and his legal counsel to provide him with the Written Notice of Charges and to inform him of the recommendation of dismissal by Dr. Farmer due to Plaintiff's gross personal misconduct. It is further admitted that a copy of the Written Notice of Dismissal is attached to Plaintiff's Complaint as Exhibit 5 and speaks for itself. Except as herein admitted, the allegations of Paragraph 14 are denied.

15. It is admitted that on November 9, 2024, Plaintiff (rather than his legal counsel at the time) sent a letter via email to Dr. Farmer and copied multiple people on the email. It is further admitted that Plaintiff attached a copy of his November 9, 2024 letter to the Complaint as Exhibit 6, and that such document speaks for itself. It is specifically denied that Plaintiff's termination was discriminatory or retaliatory in any way. Except as herein admitted, the allegations of Paragraph 15 are denied.

16. It is admitted that SCC lawfully terminated Plaintiff's employment on November 11, 2024, and that the Written Notice of Dismissal is attached to Plaintiff's

Complaint as Exhibit 7 and speaks for itself. Except as herein admitted, the allegations of Paragraph 16 are denied.

17.    The allegations in Paragraph 17 are denied.

18.    The allegations in Paragraph 18 are denied.

19.    The allegations of Paragraph 19 are denied.

20.    It is admitted that Plaintiff is attempting to assert the specified claims identified in the Complaint. It is specifically denied that Plaintiff has any valid claims or that he is entitled to any recovery from Defendants. Except as herein admitted, the allegations of Paragraph 20 are denied.

## PARTIES

**Plaintiff Roderick Brower**

21.    Upon information and belief, the allegations of Paragraph 21 are admitted.

22.    Upon information and belief, the allegations of Paragraph 22 are admitted.

23.    It is admitted that Plaintiff was employed by SCC as a System Administrator from May 1997 to October 2007, and as Chief Information Officer from January 2016 until November 11, 2024. Except as herein admitted, the allegations of Paragraph 23 are denied.

**Defendant Trustees of Sandhills Community College**

24.    The allegations of Paragraph 24 are admitted.

25.     It is admitted that SCC is a community college in North Carolina established in December 1963 and is a member of the North Carolina Community College System.

26.     It is admitted that the campus of SCC is located on the dividing line between Southern Pines and Pinehurst in Moore County, North Carolina.

27.     It is admitted that Larry R. Caddell (Chairman); Timothy A. Carpenter (Vice Chairman); Joseph A. Clendenin; John W. (Billy) Carter; Wendell F. (Dell) Cook; Eugene B. Horne, Jr.; Anthony Hunt; Bruce C. Hurst; David McLean; Irish B. Pickett; Beth Ann Pratte; and Stephen Woodward are current Trustees of SCC.  Except as herein admitted, the allegations of Paragraph 27 are denied.

28.     The allegations of Paragraph 28 are admitted.

29.     It is admitted that in his position as President, President Stewart reports to the Board of Trustees, that is the governing Board of the College.  Except as herein admitted, the allegations of Paragraph 29 are denied.

**Defendant Alexander M. Stewart**

30.     The allegations of Paragraph 30 are admitted.

31.     The allegations of Paragraph 31 are admitted.

32.     The allegations of Paragraph 32 are admitted.

33.     The allegations of Paragraph 33 are admitted.

34.     It is admitted that President Stewart is the immediate supervisor of all Vice Presidents at SCC and that he has been the immediate supervisor of Dr. Farmer since June 2023.  Except as herein admitted, the allegations of Paragraph 34 are denied.

35.     Paragraph 35 calls for a legal conclusion such that no response is necessary. To the extent a response is deemed necessary, it is admitted that President Stewart acted lawfully at all times and that Defendants have no liability to Plaintiff.

**Defendant David S. Farmer, Jr.**

36.     The allegations of Paragraph 36 are admitted.

37.     The allegations of Paragraph 37 are admitted.

38.     The allegations of Paragraph 38 are admitted.

39.     The allegations of Paragraph 39 are admitted.

40.     It is admitted that since June 2023, President Stewart has been Dr. Farmer's direct supervisor.  Except as herein admitted, the allegations of Paragraph 40 are denied.

41.     It is admitted that Dr. Farmer became Plaintiff's immediate supervisor on June 1, 2024 and remained his supervisor until Plaintiff engaged in and was thus, terminated for gross personal misconduct.  Except as herein admitted, the allegations of Paragraph 41 are denied.

42.     Paragraph 42 calls for a legal conclusion such that no response is necessary. To the extent a response is deemed necessary, it is admitted that Dr. Farmer acted lawfully at all times and that Defendants have no liability to Plaintiff.

10

## JURISDICTION AND VENUE

43.     It is admitted that Plaintiff is attempting to assert the specified claims identified in the Complaint.  It is specifically denied that Plaintiff has any valid claims or that he is entitled to any recovery from Defendants.  Except as herein admitted, the allegations of Paragraph 43 are denied.

44.     It is admitted that Plaintiff is also attempting to assert claims under North Carolina common law for wrongful discharge in violation of public policy (Claim VIII) and negligent infliction of emotional distress (Claim IX).  It is specifically denied that Plaintiff has any valid claims or that he is entitled to any recovery from Defendants. Except as herein admitted, the allegations of Paragraph 44 are denied.

45.     The allegations of Paragraph 45 are denied.

46.     It is admitted that the Court has supplemental jurisdiction over Plaintiff's state law claims asserted herein.  It is expressly denied that Defendants engaged in any wrongdoing or have any liability to Plaintiff.

47.     Defendants admit that they are subject to the personal jurisdiction of this Court.  Except as herein admitted, the allegations of Paragraph 47 are denied.

48.     Defendants admit that venue is proper in the Middle District of North Carolina.  Except as herein admitted, the allegations of Paragraph 48 are denied.

49.     It is admitted that Plaintiff has attached an Inquiry Information form as Exhibit 1 to his Complaint.  Defendants have no knowledge regarding the Inquiry

11

Information form and never received a copy of this form. Except as herein admitted, the allegations of Paragraph 49 are denied.

50. It is admitted that Plaintiff attached a Charge of Discrimination, alleging racial discrimination under Title VII, as Exhibit 2 to his Complaint, and that such document speaks for itself. Except as herein admitted, the allegations of Paragraph 50 are denied.

51. It is admitted that Plaintiff attached the EEOC Determination and Notice of Rights ("Right to Sue letter") as Exhibit 3 to his Complaint, and that such document speaks for itself. Except as herein admitted, the allegations of Paragraph 51 are denied.

52. The allegations of Paragraph 52 are denied.

53. The allegations of Paragraph 53 are denied.

## EXHIBITS

54. It is admitted that Plaintiff has attached documents identified as Exhibits 1 through 10 to his Complaint. Except as herein admitted, the allegations of Paragraph 54 are denied.

## FACTS

**Mr. Brower's Qualifications and Performance (Alleged)**

55. It is admitted that in 1990, Plaintiff received an Associates of Applied Science degree in business administration from SCC. Except as herein admitted, the allegations of Paragraph 55 are denied.

12

56.     It is admitted that in 1993, Plaintiff received an Associates of Applied Science degree in business computer programming from SCC.  Except as herein admitted, the allegations of Paragraph 56 are denied.

57.     Upon information and belief, the allegations of Paragraph 57 are admitted.

58.     The allegations of Paragraph 58 are admitted.

59.     It is admitted that Plaintiff's personnel record from May 1997 to October 2007 did not contain any warnings or disciplinary actions.  Except as herein admitted, the allegations of Paragraph 59 are denied.

60.     Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 60, and those allegations are therefore denied.

61.     The allegations of Paragraph 61 are admitted.

62.     It is admitted that Plaintiff was hired to serve as SCC's CIO in January 2016.  Except as herein admitted, the allegations of Paragraph 62 are denied.

63.     It is admitted that prior to the incident giving rise to Plaintiff's termination, neither President Stewart nor Dr. Farmer had given Plaintiff any warnings or disciplinary actions.  Except as herein admitted, the allegations of Paragraph 63 are denied.

64.     Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 64, and those allegations are therefore denied.

65.     It is admitted that Plaintiff was terminated for gross personal misconduct in which he engaged on August 22, 2024.  Except as herein admitted, the allegations of Paragraph 65 are denied.

13

66.     It is admitted that Plaintiff had an employment contract which Plaintiff attached as Exhibit 9 to his Complaint, and that such contract speaks for itself.  Except as herein admitted, the allegations of Paragraph 66 are denied.

**SCC President Transition (Alleged)**

67.     The allegations of Paragraph 67 are admitted.

68.     Upon information and belief, it is admitted that during Dr. Dempsey's tenure as SCC President, he hired a number of employees who were Black.  Except as herein admitted, the allegations of Paragraph 68 are denied.

69.     It is admitted that Dr. Dempsey retired as President of SCC on December 31, 2022.

70.     The allegations of Paragraph 70 are admitted.

71.     It is admitted that at the end of the search process, SCC was considering three finalists.  Except as herein admitted, the allegations of Paragraph 71 are denied.

72.     It is admitted that President Stewart was a highly qualified candidate for the President role.  Except as herein admitted, the allegations of Paragraph 72 are denied.

73.     It is admitted that President Stewart has served as a member of the SCC Board of Trustees.  Except as herein admitted, the allegations of Paragraph 73 are denied.

74.     The allegations of Paragraph 74 are admitted.  It is further admitted that SCC determined that President Stewart was the best candidate to serve as SCC's President.

75.     It is admitted that President Stewart began serving as President of SCC on June 27, 2023.  Except as herein admitted, the allegations of Paragraph 75 are denied.

76.     The allegations of Paragraph 76 are denied.

77.     It is admitted that during President Stewart's tenure, Ms. Alston and Dr. Brewington voluntarily resigned their employment with SCC.  It is further admitted that Plaintiff was terminated from his employment for gross personal misconduct during President Stewart's tenure.  It is specifically denied that race was a factor in Plaintiff's termination or any other employee's termination.  Except as herein admitted, the allegations of Paragraph 77 are denied.

## Development of Racial Disparities and a Hostile Work Environment for Black SCC Employees (Alleged)

78.     The allegations of Paragraph 78, including the allegations contained in the Declarations attached to Plaintiff's Complaint, are denied.

79.     The allegations of Paragraph 79, including the allegations contained in the Declarations attached to Plaintiff's Complaint, are denied.

80.     The allegations of Paragraph 80, including the allegations contained in the Declarations attached to Plaintiff's Complaint, are denied.

81.     The allegations of Paragraph 81, including subparts a through c and the allegations contained in the Declarations attached to Plaintiff's Complaint, are denied.

82.     The allegations of Paragraph 82, including the allegations contained in the Declarations attached to Plaintiff's Complaint, are denied.

15

83.     The allegations of Paragraph 83, including the allegations contained in the Declarations attached to Plaintiff's Complaint, are denied.

84.     The allegations of Paragraph 84, including the allegations contained in the Declarations attached to Plaintiff's Complaint, are denied.

85.     The allegations of Paragraph 85, including the allegations contained in the Declarations attached to Plaintiff's Complaint, are denied.

86.     Defendants respond that any information that would be part of a SCC employee's or former employee's personnel file is protected under N.C. Gen. Stat. 115D-27 and is confidential.  Defendants specifically deny that any of their disciplinary decisions were discriminatory or based on race.  Except as herein admitted, the allegations of Paragraph 86, including subparts a through c and the allegations contained in the Declarations attached to Plaintiff's Complaint, are denied.

87.     The allegations of Paragraph 87, including the allegations contained in the Declarations attached to Plaintiff's Complaint, are denied.

88.     The allegations of Paragraph 88 are denied.

89.     The allegations of Paragraph 89 are denied.

90.      Upon information and belief, it is admitted that in February 2023, shortly after Brenda Jackson began her role as interim President at SCC, Plaintiff shared with her that he did not feel like senior leadership at the school respected his position or his leadership.  It is specifically denied that Plaintiff said or implied that this had anything to do with his race.  Except as herein admitted, the allegations of Paragraph 90 are denied.

16

91.     The allegations of Paragraph 91 are denied.

92.     It is admitted that since Dr. Stewart became President, SCC has continued to review and adjust pay as appropriate for various positions and within budget limitations.  It is specifically denied that such adjustments were tied to pay disparities based upon race.  Except as herein admitted, the allegations of Paragraph 92 are denied.

93.     The allegations of Paragraph 93, including the allegations contained in the Declarations attached to the Complaint, are denied.

94.     The allegations of Paragraph 94 are denied.

95.     The allegations of Paragraph 95 are denied.

96.     The allegations of Paragraph 96 are denied.

97.     The allegations of Paragraph 97 are denied.

**Mr. Brower's Role and Wrongful Termination (Alleged)**

98.     It is admitted that at the time of his discharge on November 11, 2024, Plaintiff was the Chief Information Officer for SCC, and his direct supervisor was Dr. Farmer.  Except as herein admitted, the allegations of Paragraph 98 are denied.

99.     Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 99, and those allegations are therefore denied.

100.    Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 100, and those allegations are therefore denied.

101.    It is admitted that Plaintiff's employment responsibilities as CIO included but were not limited to the responsibilities set forth in Paragraph 101 and involved

17

working with Senior Administration in establishing and maintaining governance frameworks, policies, plans and procedures to ensure effective and efficient use of IT resources. Except as herein admitted, the allegations of Paragraph 101 are denied.

102. It is admitted that as CIO, Plaintiff was sometimes requested to assist with public records requests, including those that included electronically stored information, such as emails. Except as herein admitted, the allegations of Paragraph 102 are denied.

103. It is admitted that SCC Policy 9.2. Acceptable Use, is a document that speaks for itself. It is specifically denied that Plaintiff had authority to access President Stewart's computer or be in President Stewart's office without his knowledge or permission on August 22, 2024 or at any other time. Except as herein admitted, the allegations of Paragraph 103 are denied.

104. It is admitted that SCC's Acceptable Use Policy is a document that speaks for itself. Except as herein admitted, the allegations of Paragraph 104 are denied.

105. It is admitted that as CIO, Plaintiff was sometimes requested to assist with public records requests, including those that included electronically stored information, such as emails. It is specifically denied that Plaintiff had authority to access President Stewart's computer or be in President Stewart's office without his knowledge or permission on August 22, 2024 or at any other time. Except as herein admitted, the allegations of Paragraph 105 are denied.

106. The allegations of Paragraph 106 are admitted.

107.    It is admitted that Ms. Alston chose to voluntarily resign from her employment with SCC.  It is further admitted that Ms. Alston sent her public records request on August 20, 2024, after she had voluntarily resigned from her employment with SCC.  Ms. Alston later filed an EEOC Charge on or about January 14, 2025.  It is expressly denied that SCC engaged in any wrongdoing or has any liability to Ms. Alston. Except as herein admitted, the allegations of Paragraph 107, including the allegations contained in the Declarations attached to the Complaint, are denied.

108.    It is admitted that Ms. Alston's public records request sent on August 20, 2024 is a document that speaks for itself.  (*See* Exhibit C) Except as herein admitted, the allegations of Paragraph 108 are denied.

109.    It is admitted that on August 21, 2024, Plaintiff met with President Stewart and Dr. Farmer in President Stewart's office to discuss Ms. Alston's public records request.  Except as herein admitted, the allegations of Paragraph 109 are denied.

110.    It is admitted that during the meeting on August 21, Plaintiff discussed with President Stewart and Dr. Farmer various potential "queries" that SCC may be able to use to pull emails from applicable email accounts to be responsive to the public records request.  It is further admitted that President Stewart and Dr. Farmer requested that Plaintiff help formulate a plan with regard to how to best and most efficiently respond to the public records request given its breadth and instructed Plaintiff that they would meet again after Plaintiff formulated a plan.  It is specifically denied that Plaintiff told President Stewart that he would be accessing President Stewart's office or his computer

19

on the following day or any day. Except as herein admitted, the allegations of Paragraph 110 are denied.

111. It is admitted that President Stewart, Dr. Farmer and Plaintiff discussed that after the records had been collected, they would need to be reviewed by SCC legal counsel prior to production. It is specifically denied that President Stewart or Dr. Farmer told Plaintiff during the August 21, 2024 meeting that he should begin searches or collecting any records. Rather, Plaintiff was instructed to formulate a proposed plan and bring it back to President Stewart and Dr. Farmer to discuss and finalize before any work was to begin. Except as herein admitted, the allegations of Paragraph 111 are denied.

112. It is admitted that Plaintiff informed President Stewart and Dr. Farmer that he was not sure the best way to collect responsive records and that he would need to conduct further research to learn how to do that. It is further admitted that at the end of the meeting on August 21, 2024, Plaintiff told President Stewart and Dr. Farmer that he would get back to them with a proposed plan for the most efficient way to identify responsive records to the public records request. Except as herein admitted, the allegations of Paragraph 112 are denied.

113. It is specifically denied that President Stewart or Dr. Farmer told Plaintiff at the August 21, 2024 meeting to begin working on collecting responsive emails. Rather, he was specifically instructed to formulate a proposed plan on how best and most efficiently to identify responsive records and to bring it back to President Stewart and Dr.

Farmer to discuss and finalize before any work was to begin. Except as herein admitted, the allegations of Paragraph 113 are denied.

114.    It is admitted that the August 21, 2024 meeting lasted 30 minutes or less. Except as herein admitted, the allegations of Paragraph 114 are denied.

115.    Upon information and belief, it is admitted that Plaintiff met with Jonathan McLeod after the August 21, 2024 meeting. Except as herein admitted, the remaining allegations of Paragraph 115 are denied.

116.    Upon information and belief, the allegations of Paragraph 116 are denied. It is further denied that Plaintiff had any legitimate basis for accessing "each SCC computer to run" queries.

117.    It is admitted that on August 22, 2024, President Stewart and Dr. Farmer, upon returning to President Stewart's office, found Plaintiff using President Stewart's computer in President Stewart's office, all of which was done without President Stewart's prior knowledge or permission. Except as herein admitted, the allegations of Paragraph 117 are denied.

118.    Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 118, and those allegations are therefore denied.

119.    Upon information and belief, it is admitted that Plaintiff called Teresa Sheets, President Stewart's Executive Assistant, to see if President Stewart was in his office and was told that he was not in his office. Except as herein admitted, the allegations of Paragraph 119 are denied.

21

120. It is specifically denied that Plaintiff had authority, under SCC policy or otherwise, to access President Stewart's computer or his office without his knowledge or permission or that such was routine. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 120, and those allegations are therefore denied.

121. Upon information and belief, the allegations of Paragraph 121 are denied.

122. Upon information and belief, the allegations of Paragraph 122 are admitted. It is further admitted that Plaintiff represented to Ms. Sheets or led her to believe that President Stewart had authorized him to enter President Stewart's office in his absence, which was not accurate.

123. Upon information and belief, the allegations of Paragraph 123 are admitted.

124. The allegations contained in Paragraph 124 are denied.

125. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 125, and those allegations are therefore denied.

126. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 126, and those allegations are therefore denied.

127. It is admitted that Plaintiff had opened his own email account while he was on President Stewart's computer. Defendants lack sufficient information to form a belief as to the remaining allegations of Paragraph 127, and those allegations are therefore denied.

128.    It is admitted that on August 22, 2024, President Stewart and Dr. Farmer returned to President Stewart's office and found Plaintiff in President Stewart's office and on President Stewart's computer, both of which were without President Stewart's knowledge or permission.  Except as herein admitted, the allegations of Paragraph 128 are denied.

129.    It is admitted that President Stewart was surprised and shocked to find Plaintiff on his computer and in his office without his knowledge or permission.  It is further admitted that President Stewart asked Plaintiff what he was doing.  Except as herein admitted, the allegations of Paragraph 129 are denied.

130.    It is admitted that when President Stewart and Dr. Farmer entered President Stewart's office and caught Plaintiff in the act of improperly accessing President Stewart's computer, Plaintiff seemed nervous and hurriedly logged out of an application that he had opened on President Stewart's computer.  It is further admitted that Plaintiff told President Stewart that he was working on the public records request.  It is denied that Plaintiff had told President Stewart the previous day or at any time prior that he would be accessing Dr. Stewart's office and computer.  Although Plaintiff claimed in his August 23, 2024 written statement to SCC that "Queries need to be done within user's mailbox for complete results," Plaintiff's statement was false.  *See* Exhibit A.  Indeed, Plaintiff later admitted otherwise.  *See* Exhibit 2 to Plaintiff's Complaint (Doc. 1-2).  Except as herein admitted, the allegations of Paragraph 130 are denied.

131.    The allegations of Paragraph 131 are admitted.

23

132.    It is admitted that Plaintiff did not have the authority, under SCC policy or otherwise, to be in President Stewart's office or on his computer.  It is denied that Plaintiff even needed to be on President Stewart's computer or in his office to perform any job responsibilities related to the public records request submitted by Ms. Alston.  Except as herein admitted, the allegations of Paragraph 132 are denied.

133.    It is admitted that after being caught in President Stewart's office and on President Stewart's computer without President Stewart's knowledge or permission, Plaintiff apologized and claimed it was because he was being "overzealous."  It is further admitted that Plaintiff indicated that he was working on the public records request in President Stewart's office and on his computer because the queries needed to be done within the user's mailbox for complete results.  *See* Exhibit A.  Plaintiff falsely represented that he needed to be on President Stewart's computer to conduct email searches, and he knew or should have known his statement was false.  *See* Exhibit 2 to Plaintiff's Complaint (Doc. 1-2).  Except as herein admitted, the allegations of Paragraph 133 are denied.

134.    It is admitted that on August 22, 2024, President Stewart and Dr. Farmer requested that Plaintiff meet with them on August 23, 2024 in President Stewart's office.  Except as herein admitted, the allegations of Paragraph 134 are denied.

135.    It is admitted that SCC's legal counsel was also present at the meeting on August 23, 2024.  Except as herein admitted, the allegations of Paragraph 134 are denied.

136.    It is admitted that at President Stewart's request, Plaintiff recounted the events of the previous day.  It is further admitted that Plaintiff stated that he had accessed President's Stewart's office and computer to begin working on the public records request. It is denied, however, that Plaintiff had a legitimate basis for being in President Stewart's office or on his computer, even if he had been working on the public records request. Moreover, it is specifically denied that Plaintiff had permission to be in President Stewart's office or on his computer on August 22, 2024.  It is also denied that President Stewart, Dr. Farmer and Plaintiff discussed or agreed that Plaintiff would start gathering documents prior to him coming back to President Stewart and Dr. Farmer with a proposed plan.  Except as herein admitted, the allegations of Paragraph 136 are denied.

137.    It is admitted that President Stewart recounted their August 21 meeting and stated that he was surprised to find Plaintiff in his office and on his computer as he had only requested that Plaintiff formulate a proposed plan with regard to how best and most efficiently respond to the public records request and that he was then come back to President Stewart and Dr. Farmer with that proposed plan.  Except as herein admitted, the allegations of Paragraph 137 are denied.

138.    It is admitted that on August 23, 2024, President Stewart and Dr. Farmer informed Plaintiff that they were placing him on administrative leave with pay while SCC investigated this incident.  Except as herein admitted, the allegations of Paragraph 138 are denied.

139.    It is admitted that President Stewart and Dr. Farmer asked Plaintiff to sign and date a document regarding his administrative leave and agreeing to not access, attempt to access, log into, retrieve information from, use, manipulate, or alter in any way all of the information technology systems of the college" and that Plaintiff did not want to sign the form.  Except as herein admitted, the allegations of Paragraph 139 are denied.

140.    It is admitted that President Stewart and Dr. Farmer told Plaintiff that if he preferred, he could write and sign a handwritten statement acknowledging that he was being placed on administrative leave with full pay and benefits and confirming that he would "not attempt to access any college owned systems nor provide any directives nor any information to anyone else to access college owned resources."  Except as herein admitted, the allegations of Paragraph 140 are denied.

141.    It is admitted that Plaintiff wrote and signed the statement referenced in Paragraph 140.  Except as herein admitted, the allegations of Paragraph 141 are denied.

142.    It is admitted that Plaintiff attempted to justify his actions on August 22, 2024 to President Stewart and Dr. Farmer.  It is expressly denied that Plaintiff's acts of accessing President Stewart's computer and his office without his knowledge or permission were within Plaintiff's scope of work or that he even had to be on President Stewart's computer to perform work related to the public records request.  Except as herein admitted, the allegations of Paragraph 142 are denied.

143.    The allegations of Paragraph 143 are admitted.

144.     Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 141 as Defendants had never seen this form prior to receiving Plaintiff's Complaint, and those allegations are therefore denied.

145.     It is admitted that on August 28, 2024, Plaintiff informed Defendants via email that he had "filed an EEOC discrimination charge to address [his] current situation with the college."  Except as herein admitted, the allegations of Paragraph 145 are denied.

146.     Defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 146, and those allegations are therefore denied.

147.     The allegations of Paragraph 147 are admitted.

148.     It is admitted that during the November 1, 2024 meeting that Dr. Farmer provided Plaintiff and his counsel with a copy of the "Written Notice of Charges" letter and then read it aloud, including his recommendation that Plaintiff be dismissed from his employment.  It is further admitted that Plaintiff attached a copy of the "Written Notice of Charges" to his Complaint as Exhibit 5 and that such document speaks for itself. Except as herein admitted, the allegations of Paragraph 148 are denied.

149.     It is admitted that the "Written Notice of Charges" set forth the results of the investigation conducted while Plaintiff was on paid administrative leave and that such document, which is attached to Plaintiff's Complaint as Exhibit 5, speaks for itself. Except as herein admitted, the allegations of Paragraph 149 are denied.

150.    It is admitted that the "Written Notice of Charges," attached as Exhibit 5 to Plaintiff's Complaint, is a document that speaks for itself.

151.    It is admitted that the "Written Notice of Charges," attached as Exhibit 5 to Plaintiff's Complaint, is a document that speaks for itself.

152.    It is admitted that the "Written Notice of Charges" set forth the results of the investigation conducted while Plaintiff was on paid administrative leave and that such document, which is attached to Plaintiff's Complaint as Exhibit 5, speaks for itself. Except as herein admitted, the allegations of Paragraph 152 are denied.

153.    It is admitted that the "Written Notice of Charges," attached as Exhibit 5 to Plaintiff's Complaint, is a document that speaks for itself.  It is further admitted that during the investigation, Defendants learned that:  (1) Plaintiff had falsely reported to SCC that he had to be on President Stewart's computer and "within [his] mailbox for complete results"; and (2) Plaintiff had not truthfully disclosed his activities while he was in President Stewart's office and on his computer.

154.    It is admitted that the "Written Notice of Charges," attached as Exhibit 5 to Plaintiff's Complaint, is a document that speaks for itself.

155.    It is admitted that the "Written Notice of Charges," attached as Exhibit 5 to Plaintiff's Complaint, is a document that speaks for itself.  Except as herein admitted, the allegations of Paragraph 155 are denied.

28

156.   It is admitted that Plaintiff tried to justify his gross personal misconduct but did not provide a reasonable explanation for his actions and provided false information to Defendants.  Except as herein admitted, the allegations of Paragraph 156 are denied.

157.   The allegations of Paragraph 157 are admitted and are more fully set forth in the Written Notice of Dismissal, which is attached to Plaintiff's Complaint as Exhibit 7, and which document speaks for itself.  Again, while Plaintiff tried to justify his gross personal misconduct, he failed to provide a reasonable explanation for his actions and provided false information to Defendants.

158.   It is admitted that while Plaintiff denied engaging in such actions, SCC had evidence that Plaintiff had in fact accessed, read, and printed a privileged email between Defendants and its legal counsel, prior to tearing it in half and asking Ms. Sheets to dispose of it.

159.   It is admitted that Plaintiff tried to justify his gross personal misconduct but did not provide a reasonable explanation for his actions and provided false information to Defendants.  Except as herein admitted, the allegations of Paragraph 159 are denied.

160.   It is admitted that Plaintiff alleged that under President Dempsey, he often conducted IT work while the President was out of the office.  Upon information and belief, these allegations are untrue.  Regardless, Plaintiff's attempted explanation did not justify him accessing President Stewart's office and his computer, without his knowledge or permission.

161.   The allegations of Paragraph 161 are admitted.

29

162.    It is admitted that after having been caught, Plaintiff expressed regret about being in President Stewart's office and on his computer, without President Stewart's permission and indicated his willingness to accept an alternative disciplinary action less than dismissal.  Except as herein admitted, the allegations of Paragraph 162 are denied.

163.    It is admitted that Plaintiff has requested copies of the emails he improperly accessed and printed from President Stewart's computer.  Except as herein admitted, the allegations of Paragraph 163 are denied.

164.    It is admitted that Plaintiff and/or Plaintiff's counsel has requested copies of the emails Plaintiff improperly accessed and printed from President Stewart's computer.  It is further admitted that SCC has not provided copies of the emails to Plaintiff as the emails belong to SCC and some of the emails contain confidential information protected by the attorney-client privilege and/or attorney work-product.  Except as herein admitted, the allegations of Paragraph 164 are denied.

165.    The allegations of Paragraph 165 are denied.  Moreover, it is denied that Defendants have had any obligation to provide Plaintiff or his counsel with copies of the SCC emails that Plaintiff improperly accessed, read, and printed.

166.    It is admitted the President Stewart and Dr. Farmer agreed to take into consideration the information provided by Plaintiff prior to making a final decision regarding Plaintiff's employment.  The remaining allegations of Paragraph 166 are denied.

167. It is admitted that on November 9, 2024, Plaintiff, rather than his legal counsel at the time, sent an email to Dr. Farmer, President Stewart, Timothy Carpenter (Vice-Chairman of the Board of Trustees), Larry Caddell (Chairman of the Board of Trustees), Helen Probst Mills (former Trustee) and SCC's legal counsel. It is further admitted that Plaintiff attached a copy of this letter sent via email as Exhibit 6 to his Complaint and that such document speaks for itself. Except as herein admitted, the allegations of Paragraph 167 are denied. It is further denied that Plaintiff's attempts to justify his gross personal misconduct were sufficient.

168. It is admitted that Plaintiff's November 9, 2024 email is attached as Exhibit 6 to Plaintiff's Complaint, and that such document speaks for itself. It is further admitted that SCC properly investigated Plaintiff's actions while he was on paid administrative leave and that the investigation resulted in a finding that Plaintiff had engaged in gross personal misconduct. Except as herein admitted, the allegations of Paragraph 168 are denied.

169. It is admitted that Plaintiff's November 9, 2024 email is attached as Exhibit 6 to Plaintiff's Complaint, and that such document speaks for itself. It is denied that Defendants have had any obligation to provide Plaintiff or his counsel with copies of the SCC emails that Plaintiff improperly accessed, read, and printed. Except as herein admitted, the allegations of Paragraph 169 are denied.

31

170.    It is admitted that Plaintiff's November 9, 2024 email is attached as Exhibit 6 to Plaintiff's Complaint, and that such document speaks for itself.  Except as herein admitted, the allegations of Paragraph 170 are denied.

171.    The allegations of Paragraph 171 are admitted.

172.    It is admitted that the "Written Notice of Dismissal" is attached as Exhibit 7 to Plaintiff's Complaint, and that such document speaks for itself.  Except as herein admitted, the allegations of Paragraph 172 are denied.

173.    It is admitted that the "Written Notice of Dismissal" is attached as Exhibit 7 to Plaintiff's Complaint, and that such document speaks for itself.  Except as herein admitted, the allegations of Paragraph 173 are denied.

174.    It is admitted that on April 1, 2025, Defendants selected Jonathan McLeod to be SCC's CIO after a posted internal and external search process.  Except as herein admitted, the allegations of Paragraph 174 are denied.

175.    It is admitted that Mr. McLeod is a white male and that he is 47 years old. Except as herein admitted, the allegations of Paragraph 175 are denied.

**Alleged Exhaustion of Administrative Remedies**

176.    Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 176 as Defendants did not see the Inquiry Information form until it received Plaintiff's Complaint, and those allegations are therefore denied.

177.    Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 177 as Defendants did not see the Inquiry Information form until it received Plaintiff's Complaint, and those allegations are therefore denied.

178.    It is admitted that on or about January 7, 2025, Plaintiff filed a Charge of Discrimination against SCC with the EEOC alleging racial discrimination in violation of Title VII.  It is denied that Plaintiff's EEOC charge included allegations other than race and age discrimination.  It is further admitted that Plaintiff attached a copy of his EEOC Charge as Exhibit 2 to his Complaint, and that such document speaks for itself.  Except as herein admitted, the allegations of Paragraph 178 are denied.

179.    It is admitted that on January 23, 2025, the EEOC issued its "Determination and Notice of Rights," which is attached to Plaintiff's Complaint as Exhibit 3, and that such document speaks for itself.  Except as herein admitted, the allegations of Paragraph 179 are denied.

180.    The allegations of Paragraph 180 are denied.

**Evidence Of Pretext (Alleged)**

181.    The allegations of Paragraph 181 are denied.

182.    The allegations of Paragraph 182 are denied.

183.    The allegations of Paragraph 183 are denied.

184.    The allegations of Paragraph 184 are denied.

185.    The allegations of Paragraph 185 are denied.

186.    The allegations of Paragraph 186 are denied.

33

187.     The allegations of Paragraph 187 are denied.

188.     The allegations of Paragraph 188 are denied.

189.     It is admitted that Plaintiff and his counsel while threatening to file suit, requested copies of documents and computer logs.  It is further admitted that while Defendants had no obligation to provide Plaintiff with information and documents, especially privileged documents, Defendants did provide Plaintiff with a copy of Ms. Sheets' written statement regarding the emails she saw Plaintiff print, read and tear in half.  Except as herein admitted, the allegations of Paragraph 189 are denied.

190.     It is admitted that while Defendants have no obligation to provide Plaintiff with information and documents, especially privileged documents, Defendants did provide Plaintiff with a copy of Ms. Sheets' written statement regarding the emails she saw Plaintiff print, read and tear in half.  Except as herein admitted, the allegations of Paragraph 190 are denied.

191.     Defendants admit that it has complied with any legal requirements regarding non-spoilation and/or preservation requirements.  Except as herein admitted, the allegations of Paragraph 191 are denied.

192.     It is admitted that on August 28, 2024, Plaintiff sent Defendants an email claiming that he had filed an EEOC claim.  Except as herein admitted, the allegations of Paragraph 192 are denied.

**Mr. Brower's Damages (Alleged)**

193.     The allegations of Paragraph 193 are denied.

34

194.    The allegations of Paragraph 194 are denied.

195.    The allegations of Paragraph 195 are denied.

196.    The allegations of Paragraph 196 are denied.

197.    The allegations of Paragraph 197 are denied.

198.    The allegations of Paragraph 198 are denied.

199.    The allegations of Paragraph 199 are denied.

200.    The allegations of Paragraph 200 are denied.

**FIRST CAUSE OF ACTION**
**Title VII, Civil Rights Act of 1964 (42 U.S.C. § 2000e, et. seq.): Wrongful**
**Termination, Racial Discrimination (Alleged)**
**(Against Defendant SCC)**

201.    Defendants repeat and incorporate by reference their responses to Paragraphs 1-200.

202.    Paragraph 202 calls for a legal conclusion such that no response is necessary.  To the extent a response is deemed necessary, it is admitted that Plaintiff was employed by SCC from May 12, 1997 through October 31, 2007 and again from January 20, 2016 through November 11, 2024.  Except as herein admitted, the allegations of Paragraph 202 are denied.

203.    Paragraph 203 calls for a legal conclusion such that no response is necessary.  To the extent a response is deemed necessary, it is admitted that Plaintiff was employed by SCC from May 12, 1997 through October 31, 2007 and again from January 20, 2016 through November 11, 2024.  Except as herein admitted the allegations of Paragraph 203 are denied.

35

204.    It is admitted that President Stewart and Dr. Farmer were employed with SCC in their roles as President and Executive Vice-President, respectively.  It is further admitted that from June 1, 2024 through Plaintiff's termination, Dr. Farmer was Plaintiff's direct supervisor and President Stewart was Dr. Farmer's direct supervisor. Except as herein admitted, the allegations of Paragraph 204 are denied.

205.    Paragraph 205 calls for a legal conclusion such that no response is necessary.  To the extent a response is deemed necessary, Defendants deny any liability under Title VII or otherwise.

206.    The allegations of Paragraph 206 are denied.

207.    The allegations of Paragraph 207 are denied.

208.    It is admitted that Plaintiff's employment with SCC was terminated on November 11, 2024 by President Stewart for the reasons set forth in the Written Notice of Dismissal attached to Plaintiff's Complaint as Exhibit 7, which document speaks for itself.  It is further admitted that Defendants had legitimate business reasons for Plaintiff's termination.  Except as herein admitted, the allegations of Paragraph 208 are denied.

209.    The allegations of Paragraph 209 are denied.

210.    The allegations of Paragraph 210 are denied.

211.    The allegations of Paragraph 211 are denied.

212.    The allegations of Paragraph 212 are denied.

213.   It is admitted that on January 7, 2025, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on race and age and that such Charge is attached to Plaintiff's Complaint as Exhibit 2.  It is further admitted that the EEOC issued a Determination and Notice of Rights dated January 23, 2025, which is attached to Plaintiff's Complaint as Exhibit 3.  Except as herein admitted, the allegations of Paragraph 213 are denied.

214.   The allegations of Paragraph 214 are denied.

215.   The allegations of Paragraph 215 are denied.

216.   The allegations of Paragraph 216 are denied.

### SECOND CAUSE OF ACTION
**Title VII, Civil Rights Act of 1964 (42 U.S.C. § 2000e, et. seq.): Retaliation (Alleged)**
**(Against Defendant SCC)**

217.   Defendants repeat and incorporate by reference their responses to Paragraphs 1-216.

218.   Paragraph 218 calls for a legal conclusion such that no response is necessary.  To the extent a response is deemed necessary, it is admitted that Plaintiff was employed by SCC from May 12, 1997 through October 31, 2007 and again from January 20, 2016 through November 11, 2024.  Except as herein admitted, the allegations of Paragraph 218 are denied.

219.   Paragraph 219 calls for a legal conclusion such that no response is necessary.  To the extent a response is deemed necessary, it is admitted that Plaintiff was

employed by SCC from May 12, 1997 through October 31, 2007 and again from January 20, 2016 through November 11, 2024. Except as herein admitted the allegations of Paragraph 219 are denied.

220.    It is admitted that President Stewart and Dr. Farmer were employed by SCC in their roles as President and Executive Vice-President, respectively. It is further admitted that from June 1, 2024 through Plaintiff's termination, Dr. Farmer was Plaintiff's direct supervisor and President Stewart was Dr. Farmer's direct supervisor. Except as herein admitted, the allegations of Paragraph 220 are denied.

221.    Paragraph 221 calls for a legal conclusion such that no response is necessary. To the extent a response is deemed necessary, Defendants deny any liability under Title VII or otherwise.

222.    It is admitted that on January 7, 2025, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on race and age and that such Charge is attached to Plaintiff's Complaint as Exhibit 2. Except as herein admitted, the allegations of Paragraph 222 are denied.

223.    It is admitted that on August 28, 2024, after Plaintiff was placed on administrative leave with pay pending investigation into his improper conduct, Plaintiff sent an email indicating that he had "filed an EEOC discrimination charge to address [his] current situation with the college." Except as herein admitted, the allegations of Paragraph 223 are denied.

224.    It is admitted that <u>after</u> being placed on administrative leave with pay and while SCC was investigating Plaintiff's improper conduct, Plaintiff sent an email claiming he had filed an EEOC Charge.  Defendants continued with their investigation and determined that Plaintiff's actions constitute gross personal misconduct, which resulted in his termination on November 11, 2024.  Plaintiff subsequently filed his EEOC Charge on January 7, 2025.  Except as herein admitted, the allegations of Paragraph 224 are denied.

225.    The allegations of Paragraph 225 are denied.

226.    The allegations of Paragraph 226 are denied.

227.     It is admitted that on January 7, 2025, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on race and age and that such Charge is attached to Plaintiff's Complaint as Exhibit 2.  It is further admitted that the EEOC issued a Determination and Notice of Rights dated January 23, 2025, which is attached to Plaintiff's Complaint as Exhibit 3.  Except as herein admitted, the allegations of Paragraph 227 are denied.

228.    The allegations of Paragraph 228 are denied.

229.    The allegations of Paragraph 229 are denied.

230.    The allegations of Paragraph 230 are denied.

**THIRD CAUSE OF ACTION**
**Title VII, Civil Rights Act of 1964 (42 U.S.C. § 2000e, et. seq.): Hostile Work**
**Environment (Alleged)**
**(Against Defendant SCC)**

231.    Defendants repeat and incorporate by reference their responses to Paragraphs 1-230.

232.    Paragraph 232 calls for a legal conclusion such that no response is necessary.  To the extent a response is deemed necessary, it is admitted that Plaintiff was employed by SCC from May 12, 1997 through October 31, 2007 and again from January 20, 2016 through November 11, 2024.  Except as herein admitted the allegations of Paragraph 232 are denied.

233.    Paragraph 233 calls for a legal conclusion such that no response is necessary.  To the extent a response is deemed necessary, it is admitted that Plaintiff was employed by SCC from May 12, 1997 through October 31, 2007 and again from January 20,  2016 through November 11, 2024.  Except as herein admitted the allegations of Paragraph 233 are denied.

234.    It is admitted that President Stewart and Dr. Farmer were employed with SCC in their roles as President and Executive Vice-President, respectively.  It is further admitted that from June 1, 2024 through Plaintiff's termination, Dr. Farmer was Plaintiff's direct supervisor and President Stewart was Dr. Farmer's direct supervisor. Except as herein admitted, the allegations of Paragraph 234 are denied.

235.    Paragraph 235 calls for a legal conclusion such that no response is necessary.  To the extent a response is deemed necessary, Defendants deny any liability under Title VII or otherwise.

236.    The allegations of Paragraph 236 are denied.

40

237.    The allegations of Paragraph 237 are denied.

238.    The allegations of Paragraph 238 are denied.

239.    The allegations of Paragraph 239 are denied.

240.    It is admitted that on January 7, 2025, Plaintiff filed a Charge of
Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC")
alleging discrimination based on race and age and that such Charge is attached to
Plaintiff's Complaint as Exhibit 2. It is further admitted that the EEOC issued a
Determination and Notice of Rights dated January 23, 2025, which is attached to
Plaintiff's Complaint as Exhibit 3. Except as herein admitted, the allegations of
Paragraph 240 are denied.

241.    The allegations of Paragraph 241 are denied.

242.    The allegations of Paragraph 242 are denied.

243.    The allegations of Paragraph 243 are denied.

### FOURTH CAUSE OF ACTION
**42 U.S.C. § 1983: Hostile Work Environment in Violation of Plaintiff's Rights
Secured Under 42 U.S.C. § 1981 (Alleged)
(Against Defendants Stewart and Farmer in their individual capacities)**

244.    Defendants repeat and incorporate by reference their responses to
Paragraphs 1-243.

245.    It is admitted that Plaintiff is attempting to bring this claim against
President Stewart and Dr. Farmer in their individual capacities. It is expressly denied that
President Stewart or Dr. Farmer violated any laws or have any liability to Plaintiff.
Except as herein admitted, the allegations of Paragraph 245 are denied.

41

246. Paragraph 246 calls for a legal conclusion such that no response is necessary. To the extent a response is deemed necessary, it is expressly denied that Defendants violated any laws or have any liability under 42 U.S.C. § 1983.

247. Paragraph 247 calls for a legal conclusion such that no response is necessary. To the extent a response is deemed necessary, it is expressly denied that Defendants violated any laws or have any liability under 42 U.S.C. § 1981.

248. It is admitted that President Stewart and Dr. Farmer were acting in their official capacities as President and Executive Vice President of SCC, a North Carolina public community college, with respect to decisions made regarding Plaintiff's employment. Except as herein admitted, the allegations of Paragraph 248 are denied.

249. It is admitted that Plaintiff is an African American and that he is attempting to assert a claim under § 1981. It is expressly denied that Defendants violated any laws or have any liability under § 1981. Except as herein admitted, the allegations of Paragraph 249 are denied.

250. The allegations of Paragraph 250 are denied.

251. The allegations of Paragraph 251 are denied.

252. The allegations of Paragraph 252 are denied.

253. The allegations of Paragraph 253 are denied.

254. The allegations of Paragraph 254 are denied.

255. The allegations of Paragraph 255 are denied.

256. The allegations of Paragraph 256 are denied.

## FIFTH CAUSE OF ACTION
### 42 U.S.C. § 1983: Retaliation in Violation of Plaintiff's Rights Secured Under 42 U.S.C. § 1981 (Alleged)
### (Against Defendants Stewart and Farmer in their individual capacities)

257.    Defendants repeat and incorporate by reference their responses to Paragraphs 1-256.

258.    It is admitted that Plaintiff is attempting to bring this claim against President Stewart and Dr. Farmer in their individual capacities.  It is expressly denied that President Stewart or Dr. Farmer violated any laws or have any liability to Plaintiff. Except as herein admitted, the allegations of Paragraph 258 are denied.

259.    Paragraph 259 calls for a legal conclusion such that no response is necessary.  To the extent a response is deemed necessary, it is expressly denied that Defendants violated any laws or have any liability under 42 U.S.C. § 1983.

260.    It is admitted that President Stewart and Dr. Farmer were acting in their official capacities as President and Executive Vice President of SCC, a North Carolina public community college, with respect to decisions made regarding Plaintiff's employment.  Except as herein admitted, the allegations of Paragraph 260 are denied.

261.    Paragraph 261 calls for a legal conclusion such that no response is necessary.  To the extent a response is deemed necessary, it is expressly denied that Defendants violated any laws or have any liability under 42 U.S.C. § 1981.

262.    It is admitted that Plaintiff is an African American and is attempting to assert a claim under § 1981.  It is expressly denied that Defendants violated any laws or

43

have any liability under § 1981.  Except as herein admitted, the allegations of Paragraph

262 are denied.

263.    The allegations of Paragraph 263 are denied.

264.    The allegations of Paragraph 264 are denied.

265.    The allegations of Paragraph 265 are denied.

266.    The allegations of Paragraph 266 are denied.

267.    The allegations of Paragraph 267 are denied.

268.    The allegations of Paragraph 268 are denied.

269.    The allegations of Paragraph 269 are denied.

270.    The allegations of Paragraph 270 are denied.

271.    The allegations of Paragraph 271 are denied.

## SIXTH CAUSE OF ACTION
### 42 U.S.C. § 1983: Racial Discrimination (Alleged)
### (Against Defendants Stewart and Farmer in their individual capacities)

272.    Defendants repeat and incorporate by reference their responses to

Paragraphs 1-271.

273.    It is admitted that Plaintiff is attempting to bring this claim against

President Stewart and Dr. Farmer in their individual capacities.  It is expressly denied that

President Stewart or Dr. Farmer violated any laws or have any liability to Plaintiff.

Except as herein admitted, the allegations of Paragraph 273 are denied.

274.    Paragraph 274 calls for a legal conclusion such that no response is necessary.  To the extent a response is deemed necessary, it is expressly denied that Defendants violated any laws or have any liability under 42 U.S.C. § 1983.

275.    It is admitted that President Stewart and Dr. Farmer were acting in their official capacities as President and Executive Vice President of SCC, a North Carolina public community college, with respect to decisions made regarding Plaintiff's employment.  Except as herein admitted, the allegations of Paragraph 275 are denied.

276.    Paragraph 276 calls for a legal conclusion such that no response is necessary.  To the extent a response is deemed necessary, it is expressly denied that Defendants violated any laws or have any liability under the Equal Protection Clause of the Fourteenth Amendment.

277.    It is admitted that Plaintiff is an African American male and was previously employed as the CIO of SCC.  Except as herein admitted, the allegations of Paragraph 277 are denied.

278.    The allegations of Paragraph 278 are denied.

279.    The allegations of Paragraph 279 are denied.

280.    The allegations of Paragraph 280 are denied.

281.    The allegations of Paragraph 281 are denied.

282.    The allegations of Paragraph 282 are denied.

283.    The allegations of Paragraph 283 are denied.

## SEVENTH CAUSE OF ACTION
### 42 U.S.C. § 1983: Supervisory Liability (Alleged)
### (Against Defendants Stewart and Farmer in their individual capacities)

284.    Defendants repeat and incorporate by reference their responses to Paragraphs 1-283.

285.    It is admitted that Plaintiff is attempting to bring this claim against President Stewart and Dr. Farmer in their individual capacities.  It is expressly denied that President Stewart or Dr. Farmer violated any laws or have any liability to Plaintiff.  Except as herein admitted, the allegations of Paragraph 285 are denied.

286.    Paragraph 286 calls for a legal conclusion such that no response is necessary.  To the extent a response is deemed necessary, it is expressly denied that Defendants violated any laws or have any liability under 42 U.S.C. § 1983.

287.    Paragraph 287 calls for a legal conclusion such that no response is necessary.  To the extent a response is deemed necessary, it is expressly denied that Defendants violated any laws or have any liability under the Equal Protection Clause of the Fourteenth Amendment.

288.    It is admitted that President Stewart and Dr. Farmer were acting in their official capacities as President and Executive Vice President of SCC, a North Carolina public community college, with respect to decisions made regarding Plaintiff's employment.  Except as herein admitted, the allegations of Paragraph 288 are denied. college.

289.    The allegations of Paragraph 289 are denied.

46

290.   The allegations of Paragraph 290 are denied.

291.   The allegations of Paragraph 291 are denied.

292.   The allegations of Paragraph 292 are denied.

293.   The allegations of Paragraph 293 are denied.

294.   The allegations of Paragraph 294 are denied.

295.   The allegations of Paragraph 295 are denied.

296.   The allegations of Paragraph 296 are denied.

**EIGHTH CAUSE OF ACTION**
**North Carolina Common Law Wrongful Discharge (Alleged)**
**(Against Defendant SCC)**

297.   Defendants repeat and incorporate by reference their responses to

Paragraphs 1-296.

298.   Paragraph 298 calls for a legal conclusion such that no response is

necessary.  To the extent a response is deemed necessary, it is expressly denied that

Defendants violated any laws or that Plaintiff was wrongfully discharged against North

Carolina public policy.

299.   It is admitted that Plaintiff was employed by SCC from May 12, 1997

through October 31, 2007 and again from January 20, 2016 through November 11, 2024.

Except as herein admitted, the allegations of Paragraph 299 are denied.

300.   It is admitted that SCC, through its agent, President Stewart, lawfully

terminated Plaintiff's employment on November 11, 2024.  Except as herein admitted,

the allegations of Paragraph 300 are denied.

301.   The allegations of Paragraph 301 are denied.

47

302.    Paragraph 302 calls for a legal conclusion such that no response is necessary.  To the extent a response is deemed necessary, it is expressly denied that Defendants violated any laws or have any liability under North Carolina common law or otherwise.

303.    The allegations of Paragraph 303 are denied.

304.    It is admitted that SCC has a liability insurance policy.  Except as herein admitted, the allegations of Paragraph 304 are denied.

305.    The allegations of Paragraph 305 are denied.

306.    The allegations of Paragraph 306 are denied.

307.    The allegations of Paragraph 307 are denied.

<u>**NINTH CAUSE OF ACTION**</u>
**North Carolina Common Law Negligent Infliction of Emotional Distress (Alleged)**
**(Against Defendants Stewart and Farmer in their individual capacities)**

308.    Defendants repeat and incorporate by reference their responses to Paragraphs 1-307.

309.    It is admitted that Plaintiff is attempting to bring this claim against President Stewart and Dr. Farmer in their individual capacities.  It is expressly denied that President Stewart or Dr. Farmer violated any laws or have any liability to Plaintiff. Except as herein admitted, the allegations of Paragraph 309 are denied.

310.    Paragraph 310 calls for a legal conclusion such that no response is necessary.  To the extent a response is deemed necessary, it is expressly denied that

48

Defendants violated any laws or have any liability under North Carolina common law for negligent infliction of emotional distress.

311. Paragraph 311 calls for a legal conclusion such that no response is necessary. To the extent a response is deemed necessary, it is expressly denied that Defendants engaged in or permitted discriminatory, harassing, or otherwise unlawful conduct in the workplace, including racial discrimination in violation of public policy.

312. The allegations of Paragraph 312 are denied.

313. The allegations of Paragraph 313 are denied.

314. The allegations of Paragraph 314 are denied.

315. The allegations of Paragraph 315 are denied.

316. The allegations of Paragraph 316 are denied.

317. The allegations of Paragraph 317 are denied.

318. The allegations of Paragraph 318 are denied.

Defendants deny that Plaintiff is entitled to any of the relief he seeks in the Prayer for Relief (including each subparagraph therein) or otherwise.

Defendants deny any allegations contained in the Complaint that are not expressly admitted herein.

## **THIRD FURTHER DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and thus, the Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOURTH FURTHER DEFENSE

This Court lacks subject matter jurisdiction over some or all of Plaintiff's claims, and such claims should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## FIFTH FURTHER DEFENSE

Plaintiff's claims are barred to the extent that the allegations contained in the Complaint do not reasonably fall within the scope of claims made or conduct alleged in the administrative charge filed by Plaintiff with the EEOC. Such claims should be dismissed under Rules 12(b)(1) and/or 12(b)(6) of the Federal Rules of Civil Procedure for failure to satisfy or exhaust administrative remedies.

## SIXTH FURTHER DEFENSE

Plaintiff has failed to satisfy one or more administrative pre-requisites to pursuing his claims for alleged violations of Title VII to the extent he is now attempting to assert claims that were not included in his EEOC Charge or relies on events occurring more than 180 days prior to his filing a Charge of Discrimination with the Equal Employment Opportunity Commission, and Defendants plead Plaintiff's failure to comply with statutory prerequisites as a defense to the extent his claims are based on such.

## SEVENTH FURTHER DEFENSE

All decisions made by Defendants related to the employment of Plaintiff were made in good faith and without any degree of intention to violate and without disregard for any of the laws, or any of Plaintiff's rights under any of the laws, on which Plaintiff

50

purports to rely, and Defendants plead that good faith and lack of intention or disregard as a bar or affirmative defense to any claim for punitive damages for any of the attempted claims in the Complaint.

## EIGHTH FURTHER DEFENSE

Plaintiff has failed to mitigate any damages he may claim to have incurred due to the acts or omissions of Defendants, and Defendants plead Plaintiff's failure to mitigate as a bar and affirmative defense to his claims.

## NINTH FURTHER DEFENSE

Plaintiff's claims are barred by the doctrine of laches and estoppel by his own course of conduct.

## TENTH FURTHER DEFENSE

Defendants reserve any and all rights to rely upon any other or further defenses as may be revealed to exist following discovery.

This the 21st day of July, 2025.

/s/ Tina L. Hlabse
Tina L. Hlabse
NC State Bar No. 26493
thlabse@ramseurmaultsby.com
Alexander L. Maultsby
NC State Bar No. 18317
amaultsby@ramseurmaultsby.com
Patti W. Ramseur
NC State Bar No. 26817
pramseur@ramseurmaultsby.com
RAMSEUR MAULTSBY LLP

1150 N. Revolution Mill, Suite 3
Greensboro, NC  27405
(336) 897-0025

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, a copy of the foregoing Defendants' Answer to Plaintiff's Complaint was filed electronically with the Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's Electronic Filing System to all parties indicated on the electronic filing receipt.

This, the 21st day of July, 2025.

 /s/ Patti W. Ramseur
Patti W. Ramseur
NC State Bar No. 26817
pramseur@ramseurmaultsby.com
RAMSEUR MAULTSBY LLP
1150 N. Revolution Mill, Suite 3
Greensboro, NC  27405
(336) 897-0025

*Attorney for Defendants*