IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No.1:25-cv-00310--TDS-JLW

| | |
|---|---|
| RODERICK BROWER, )<br>)<br>   Plaintiff )<br>)<br>   v. )<br>)<br>THE TRUSTEES OF SANDHILLS )<br>COMMUNITY COLLEGE; ALEXANDER M. )<br>STEWART; in his individual capacity and )<br>official capacity as President of Sandhills )<br>Community College; and DAVID S. FARMER )<br>JR.; in his individual capacity and official )<br>capacity as Executive Vice President of )<br>Sandhills Community College, )<br>)<br>   Defendants. ) | **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

     Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and Local Rule 7.3, Defendants The Trustees of Sandhills Community College, Alexander M. Stewart, and David S. Farmer (collectively "Defendants") hereby submit this Motion for Judgment on the Pleadings. In support of their Motion, Defendants show the Court as follows:

     1.     Title VII requires plaintiffs to "exhaust [their] administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court." *Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012). A plaintiff "fails to exhaust his administrative remedies where … his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005). "The allegations contained in an administrative charge generally limit the scope of any

1

subsequent judicial complaint." *Hernanadez v. Mobile Link (N.C.) LLC*, 2021 WL 2056979, at *3 (E.D.N.C. May 21, 2021) (internal citations omitted). "Claims that fall outside the scope of the EEOC Charge are procedurally barred." *Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995) (internal citations omitted).

2. Here, Plaintiff's EEOC Charge, filed about 5 months after he was placed on leave and about 2 months after his termination, alleged only age and race discrimination. Plaintiff thus failed to exhaust his administrative remedies with respect to his Title VII claims for hostile work environment and retaliation. Accordingly, Plaintiff's Second Cause of Action and Third Cause of Action should be dismissed.

3. Even for the Title VII claims that are not procedurally barred, Plaintiff's allegations are merely conclusory and speculative, and they do not meet the pleading requirements established by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), particularly as applied by the Court of Appeals for the Fourth Circuit and by this Court.

4. With respect to his race discrimination claims under Title VII against SCC and §1983/1981 against President Stewart and Dr. Farmer, Plaintiff has failed to allege anything more than conclusory allegations that he was treated differently from white employees, without alleging facts sufficient to show any of these employees were actually similarly situated to him. (Dkt No. 1, Compl. ¶¶ 211, 279) He has also failed to allege sufficient facts that would show that race was the reason for his termination, given the undisputed facts showing that Plaintiff was caught in President Stewart's office and

2

on President Stewart's computer and then falsely reported to President Stewart and Dr. Farmer (both verbally and in writing) that his reason for being in President Stewart's office was because he had to be on President Stewart's computer in order to perform the queries needed for a public records request, rather than being able to do them remotely from Plaintiff's own computer. Therefore, Plaintiff's First, Sixth, Seventh, and Eighth Causes of Action should be dismissed.

5. With respect to Plaintiff's hostile work environment claim under Title VII against SCC (which is barred) and §1983/1981 against President Stewart and Dr. Farmer, Plaintiff's conclusory allegations that at some unidentified time, some unidentified person(s) subjected him to "hyper-scrutinization, disrespect, lack of trust, pay disparities, discipline disparities"[1] is wholly insufficient to state a claim for hostile work environment against any defendant. Thus, Plaintiff's Third and Fourth Causes of Action should be dismissed.

6. With respect to Plaintiff's retaliation claim under Title VII against SCC (which is barred) and §1983/1981 against President Stewart and Dr. Farmer, Plaintiff's Complaint fails to identify any protected activity by Plaintiff prior to him being caught in the President's office and on the President's computer and placed on administrative leave for Defendants to investigate this matter. Further, Plaintiff has failed to allege facts that

---

[1] This is especially true given that Plaintiff admits that during his 18 years with SCC, he had a pristine personnel record and had no disciplinary actions prior to the events of August 22, 2024. Also, Plaintiff fails to identify facts of any alleged disparity with his pay as compared to any similarly situated employees.

would allow him to establish a causal link between any alleged protected activity after he was placed on administrative leave and SCC's decision to terminate him. Given the undisputed events giving rise to Plaintiff's termination, including his untruthful statements to Defendants during the investigation, Plaintiff has failed to articulate sufficient facts to support a retaliation claim against any defendant, and Plaintiff's Second and Fifth Causes of Action for retaliation should be dismissed.

7. Further, with respect to his Supervisor Liability claim under §1983/1981 against President Stewart and Dr. Farmer, Plaintiff's conclusory allegations that "CFO Thomas, Provost Roush, Vice President Layne, Vice President Shoemake, and Dean Kauffman" engaged in "disproportionate over-scrutiny, disrespect, over-disciplining, and under-paying of Black SCC employees," (Dkt No. 1, Compl. ¶ 289), are insufficient to allege "a pervasive and unreasonable risk" of constitutional injury to Plaintiff. They are also wholly insufficient to allege that that President Stewart and Farmer had "actual or constructive knowledge" of any such conduct. Thus, Plaintiff's Seventh Cause of Action should be dismissed.

8. Plaintiff has also failed to allege facts to support a claim for Negligent Infliction of Emotional Distress against President Stewart or Dr. Farmer. To the contrary, Plaintiff alleges solely that President Stewart and Dr. Farmer engaged in intentional discrimination by terminating him, and not any acts by them that would give rise to a claim for negligent infliction of emotional distress. *See Redman v. Am. Airlines, Inc.*, No. 322CV00515RJCDCK, 2023 WL 4768696, at *3 (W.D.N.C. July 26, 2023); *see also Pledger v. UHS-Pruitt Corp.*, No. 5:12-CV-484-F, 2013 WL 1751373, at *10 (E.D.N.C.

4

Apr. 23, 2013), *aff'd* 590 Fed. Appx. 274 (4th Cir. Jan. 26, 2015) (a claim for negligent infliction of emotional distress should not survive a motion to dismiss if the claim is based on alleged discriminatory or retaliatory conduct, which is inherently intentional); *Barbier v. Durham Cty. Bd. of Educ.*, 225 F. Supp. 2d 617, 631 (M.D.N.C. 2002) (where "plaintiff's complaint alleges acts of discrimination that are intentional in nature, and simply concludes that the acts were committed negligently, it is insufficient to state a claim for negligent infliction of emotional distress"). As such, Plaintiff fails to state a NIED claim under North Carolina law, and his Ninth Cause of Action should be dismissed.

9. Defendants further support this Motion with the filing herewith of a supporting Memorandum, which is incorporated by reference and sets forth Defendants' reasons and argument in more detail.

For all of the reasons set forth above and in the Memorandum in Support of Defendants' Motion for Judgment on the Pleadings, Defendants respectfully move and request that Plaintiff's Complaint be dismissed in its entirety.

This the 5h day of January 2026.

    /s/ Patti W. Ramseur
Patti W. Ramseur
NC State Bar No. 26817
pramseur@ramseurmaultsby.com
Tina L. Hlabse
NC State Bar No. 26493
thlabse@ramseurmaultsby.com
Alexander L. Maultsby
NC State Bar No. 18317
amaultsby@ramseurmaultsby.com
RAMSEUR MAULTSBY LLP

1150 N. Revolution Mill, Suite 3
Greensboro, NC  27405
(336) 897-0025

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a copy of the foregoing Defendants' Motion for Judgment on the Pleadings was filed electronically with the Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's Electronic Filing System to all parties indicated on the electronic filing receipt.

This the 5th day of January 2026.

    /s/ Patti W. Ramseur
Patti W. Ramseur
NC State Bar No. 26817
pramseur@ramseurmaultsby.com
RAMSEUR MAULTSBY LLP
1150 N. Revolution Mill, Suite 3
Greensboro, NC  27405
(336) 897-0053